

**IT IS ORDERED as set forth below:**

**Date: April 2, 2020**

                                          */s/ Paul Baisier*

                               **Paul Baisier**
                             **U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| In re: | | CASE NUMBER |
|---|---|---|
| **PAMALA DENISE HELLER**, | | **18-60154-PMB** |
| Debtor. | | CHAPTER 13 |

### ORDER RE-IMPOSING AUTOMATIC STAY AS TO SHELLPOINT

This matter was set for hearing on April 2, 2020, at 10:00 a.m. (the "Hearing") on Debtor's *Motion to Re-Impose Automatic Stay* (the "Motion to Re-Impose"), filed February 24, 2020 (Docket No. 48). On October 16, 2019 creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") filed a *Motion for Relief from Automatic Stay* (the "Relief Motion")(Docket No. 44). The Relief Motion was granted on January 27, 2020 by entry of an *Order Granting Motion for Relief from the Automatic Stay* (Docket No. 46). At the Hearing, Debtor's counsel appeared in support of the Motion to Re-Impose. Counsel for the Chapter 13 Trustee appeared and did not announce any opposition to the Motion to Re-Impose. Counsel for Shellpoint did not appear at the Hearing in support or opposition to the Motion to Re-Impose.

The Motion to Re-Impose sought to re-impose the automatic stay as to Shellpoint. There being no opposition to the Motion to Re-Impose, and having shown that the Debtor would be irreparably harmed if the automatic stay of 11 U.S.C. § 362(a) were not re-imposed, the Court finds cause to re-impose the stay.

Accordingly, it is

**ORDERED as follows**:

1. The automatic stay of 11 U.S.C. § 362(a) is **RE-IMPOSED** as to Shellpoint, effective as of the entry of this order.

2. The stay referenced in Paragraph 1 shall remain in effect through the pendency of this case until (i) further order of this Court, or (ii) the stay expires or terminates pursuant to 11 U.S.C. § 362(c)(1), (c)(2), or (e).

3. The stay referenced in paragraph 1 may be vacated as to a party in interest if that party in interest did not receive notice of the Motion and files a pleading demonstrating the lack of service and a valid basis to oppose the stay referenced in paragraph 1. Upon the filing of such pleading, the stay referenced in paragraph 1 may be vacated as to the party in interest that was not served with or without further notice or an opportunity for a hearing.

4. The granting of relief herein does not preclude Shellpoint from filing a subsequent motion for relief from stay as appropriate, or obtaining such relief.

5. The relief granted in this Order is effective immediately upon entry of this Order, and is not subject to any stay.

The Clerk is directed to serve a copy of this Order upon Debtor, counsel for Debtor, Shellpoint, counsel for Shellpoint, the Chapter 13 Trustee, and all parties on the mailing matrix in this case.

**[END OF DOCUMENT]**